Thompson, J.
delivered the opinion cf the court. The principal question that arises in the case is, as to the place of beginning in the Yan Slyck patent. Whether it be at the extreme point of a certain flat, on the north side of the Mohawk River, or. at the river, near a certain ancient marked elm tree ? If. at the former, the plaintiff must 'prevail; if at the latter, the defendant must retain the verdict. The description of this place in the patent is ás follows: “Beginning by the westernmost end of a flat, that lies over against castle Tarighioris, by three small islands, which lie in the river, and from thence,” &c. We think it is clear,, from the testimony in the cause, that the natural termination in the flat referred to is at the place set up by-plaintiff ; and was the patent explicit that the beginning was at the westernmost end of the flat, without any other description, and no location had been made, we should suppose there was an end of the question. ■ But, as the description is somewhat vague and indefinite, all the objects not corresponding, the acts of the parties ought to have great weight in controlling the construction, and we think it is one of those cases where the first location under the patent ought to govern and conclude the parties : this patent is dated in the year 1716. The precise period of the first survey does not appear. Lawrence Yromau, the first witness examined on the part of the plaintiff, says, thaq ’U the year 1788, the Yan Slycks showed him an elm tree, as ¿ line run by the witness’s father for them, at the time of the division of their patent; but, at the same time, said they claimed beyond it. This claim, however, appears to have been at variance with their acts, and is entitled to but little weight. Adam Countryman, another of the plaintiff’s witnesses, speaks of a possession of one Ehel, as far back as seventy years, and that there was then a divi-. 'sion fence between him and the Yan Slycks, towards the upper end of the flats; there were some flats north of this fence improved by Ehel’; this fence was nearly half way between the mill of the Yan Slycks and Ehel’s house; and from the testimony of Hendrick Ery, it appears that the fence corresponds'with the line of the elm tree; but he says the Van Slycks told kimEhel held under them. This was the declaration of the party in his own favor, and must be rejected. This same witness says, that *Greorge Eacker held under the Harrison patent, which is the -adjoining patent, and that before the war, his clearing extended as far as the elm tree; and that a man by the name'of Kelly held an old possession on the south side, under the Van Slycks, corresponding with the line of the elm tree. Thus far the testimony on the part of the plaintiff goes to show a recognition of this as the line adopted by the Van Slycks, and the testimony of S. Ey-gert, on the part of the defendant, confirms and establishes this point beyond dispute. He says he has known this elm tree, as a marked tree, upwards of six and forty years, and has always understood that it was marked for the division line between the Harrison and Van Slyck patents. That Harrnanus Van Slyck, who, it was admitted by the counsel, was the grandfather of the lessors of the plaintiff, showed him this tree as standing on the division line. He also says that Eacker’s and Ehel’s possessions, before spoken of, are the same ; the former purchased of the latter, and that Eacker held under the Harrison patent. -That there is a fence on the line corresponding, with the elm tree, nearly the whole length of Harrison’s patent, and the possessions held accordingly, some of them ancient possessions, thirty or forty years old. He was present when this line was run by old Isaac Vroman, which he believes was before the war ; has seen it run at other times, and that the fences corresponded with it. We think, therefore, it is evident, from the whole testimony offered on the trial, that the line corresponding with the elm tree was the one originally set up and recognized by the Van Slycks as the true line .of their patent. The possessions generally appear to correspond with this line, and the description in the patent being rather doubtful, it is but reasonable and just that the *212 Van. Slyck claim should be restricted to the original location. We lay out of view the conversation said to have taken place between Orone, the former possessor of the premises in question, and one Nicolls; the very questions and answers imply a dispute relative to the title, and can by no means be considered as a recognition by Orone of Van Slyck’s title, but only as a prudent precaution on his part to secure the buildings on any event, and the offer to buy, if made as stated, must be viewed in a light of a purchase of peace. The credit due to the witnesses, and the circumstances detailed by them on the trial, were proper subjects for the consideration and determination of the jury. We cannot say that injustice has been done; a fair trial has been *had, and there appears no prospect of any further light being thrown on the subject by another examination. Under these circumstances, we think a new trial ought not to be granted.
New trial refused.