Colcock, J.
This case is put entirely on the ground that the declarations of Golding were inadmissible, and consequently that a new trial must be granted.
It cannot be doubted at this day that the declarations of deceased persons who shall appear to have been in a situation to possess the information, and are not interested, shall, on a question of boundarjq be received in evidence. The exception, if made post litem motam, seems to have been also generally adopted, but could only have originated in that extreme caution which it was deemed necessary to observe in the application of a rule which is opposed to the general principles laid down on the subject of evidence. For if a man made false declarations with a view to affect a suit then pending, he must have also resolved on one of two things, either to die before the cause shoidd be tried, so that his declarations might be given in evidence, or he must have determined to attend and perjure himself. Both are rather inconsistent with the nature of man. But when declarations made after suit brought are only a repetition of the same declarations made years before, the reason of the rule not applying, the rule itself cannot apply. Golding’s declarations to some of the witnesses were made after this suit was brought. But Chandler says he made the same declarations forty years ago, even before the defendant had obtained the grantunder which he claims. They could not of course have been intended to produce any effect in this case.
The difficulty as to closing the lines was for the determination of the jury and was left to them. No rule on the *230 subject has been violated, that we are aware of, and therefore the verdict must stand.
The motion is dismissed. (a)
0‘Neal and Johnson for the motion,
Bausket and Dunlap contra.

 The following heads may be made, when Declarations (or Hearsay} may be given in evidence, viz:
1st. In all cases against a party making them or his privies. Even so of a plaintiff on record, though he be only a trustee. (Bauerman vs Rodenius 7 T. R. 663. 1 Starkie Evi. 29.
2nd. In cases of Boundary. — See Jackson vs. Vedder, 2 Caines Rep. 210. Howell vs. Filden, 1 Har. and M‘Hen. 84. Bladen vs. Cockey, Ib. 230. Redding vs. Maccubbin, Ib. 368. Long vs. Pellett, Ib. 531. Gervin vs. Meridith, 2 N. Car. Law Rep. 635. Rives vs. Middleton, 2 Har. and M'Hen. 414 Weems vs. Disney, 4 Har. and M‘Hen. 156. Smith vs. Walker, 1 N. Car. Law Rep: 514. Nichols vs. Parker, 14 East 331. Goodright vs. Moss, Cowp. 594. Berkcley Peerage, 4 Camp. 401. Banbury Peerage, 2 Sel. N. P. 684. 1 Starkie on Evid. 60. Davis vs. Pearce, 2 Term. Rep. 53. Caufmans case, 6 Binney 59. But see 1 M. and S. 688-689. and Reed vs. Jackson, 1 East 357. These two latter cases, say that reputation is evidence with respect to public rights claimed, but not with respect to private rights. See note (a) to 3 Starkie on Evid 1207. The distinction is, where the claim is a public one, as a boundary between parishes, or manors, or customary rights, &c. declarations as to the common opinion of the place, or general evidence of reputation, may be given in evidence; but not so where the claim isprivate. In the latter case the declarations- must be made by one in a. situation to-luiow. (1 Starkie 59-60. Phillips 184.)
3d. In cases of Prescription and customary rights and matters of a public nature. — 2 Starkie on Evid. 59, 60 King vs. Inhab. of Eriswell, 3 T. R. 708. 3 Starkie 1207. Buller N. P.295.1 East Rep. 345. Peake Evid. 11.
4th. Pedigree. — Includlngbirths, marriages,'deaths,heirship andbasfardy. See Ross vs. Cooley, 8 John. Rep. 128. Pancoast vs. Addison, 1 Har. and J. 356. Briney vs. Hann,3 Marsh. 326. Ib. 550. Chipman vs. Chapman, 2 Conn. Rep. 347. Jackson vs. Browner, 19 John. Rep. 37. Goodright vs. Moss, 1 Cowp. 591.1 Dall. 14.2 Dall. 116-7-8. 3 Starkie on Evid. 1099.
5th. As to Character; to shew the moral character and conduct of a person, or that he holds an office or fills a particular situation. — 1st. To afford presumption of guilt. 2nd. To affect (lie damages in a particular case. And 3rd. To impeach or confirm veracity. (1 Starkie on Evid. 59. 2 Starkie 364.
As to a 6th. Pauper’s Settlement. — This head is rendered doubtful by the cases. See King vs. Eriswell (Inhab.) 3 T. R. 707. Rex. vs. Trystone Inhab. 2 East, 63.
*231 7th. Where the acts of a person can bo given in evidence for him, his declarations, in relation to such acts, are also proper evidence; as in the case of'a claim, demand or tender. (Skenck vs. Hutchinson, 2 N. Car. Law. Rep. 423. Robertson vs. French, 4 East 140. Amery vs. Rogers, 1 Esp. C. 209.
8th. Declarations or entries forming a part of the res gestas (1 Starkie on Evid. 47-48. So when the nature of any particular act is questioned, a contemporary declaration by the party who does the act isevidence to explain it. (Ib. 48. Lord George Gordons, case, 21, Howells State Trials, 542. Digby vs. Steedman, 1 Esp. Rep. 129. Torringtons case, 1 Salk. 285.) The evidence is not admitted on the credit of the person making them, but from its con-nexion with the circumstances, (1 Starkie 48,) and might be admissible, even though the declarant, in ordinary cases, would not be believed upon hfs oath. And I would say even in cases, where his evidence would be incompetent. As in the case of a slave, in some cases of warranty on asale&e. his declarations, as to his pains or illness, accompanied with acts, might be admitted in evidence. (SeeHarper's Reports,38. and note.) So as toa wile,her declarations as to the state of her health, in answer to enquiries, were admitted, in an action on a life insurance of the wife, to shew fraud on the part ot the husband. (Aveson vs. Kiunaird, 6 East 188.)
9(h. Statements made in the presence and hearing of a person against his rights, which he does not deny or contradict. 1 Starkie’s Evid. 50.2 Esp. N. P. (under Evidence) 519
10th. So declarations of a person in extremis, in all Criminal Cases, if he be not a convict and would have been a competent witness if alive, though .in the absence of the person to be affected by them. ( Woodeocks case, 2 Leach. 567.7 John.Rep. 95. 1 Starkie 101. For the reason ofthis rule Shakespeare has been quoted;
“Havel not hideous death within my view,
Retaining but a quantity of life;
Which bleeds away, even as a form)of wax
Resolveth trom its figure ’gainst the fire?
What in the world should make me now deceive,
Since I must lose the use of all deceit?
Why should I then be false; since it is true
That I must die here, and live hence by truth? — King John jí. V. S. IK.
These declarations must appear to have been made under an impression of ensuing death. The court, not the jury are to judge of the competency of the evidence, as to the impression of dying. (1 East. C. L. 358-360.)
11th. Declarations of aperson in extremis, in some Civil Caseshave been admitted. The confessions of an attesting witness to a deed that it was forged, made in extremis, are evidence to distroy the deed. (Durham vs. Beaumont, 1 Camp. Rep. 210-211. Clymer vs. Littler, 3 Burr. 1246-1255. 6 East 195. Gilb. Evi. 140. Peake 126.) So, the_declarations of the wife, as to the state of her health, made when very sick, where admitted against the Imsband, in a suit brought by him on a policy upon her life. (Averson vs. *232 Kinnaird. 6 East Rep. 188.) But this case seems to fall more properly under the rule of its being a part of the res gestee.
12th. Confession of crime when another is indicted.
So confessions, in extremis, that the person himself had committed a forgery of which another was indicted, is admissible, (Aymer vs. Littier, AW. Black. Rep. 345. 6East 195. So,I should think, that where a person eo.nes forward, and confesses the crime, and surrenders himself to justice, such confessions would be admissible evidence for a prisoner accused of the same offence.
13th. On a feigned issue to try the fact of adultery, the confessions of the wife, connected with other proofs, are admissible, when no fraud or coHusion appear. (Doe vs. Roe, 1 John. Cases 25.)
14th. What a party said may sometimes be evidence in his favor, as part of the res gestee. As what a party or his wife swore in the criminal suit, may be given in evidence, in an action for malicious prosecution, to repel impu» iation of malice. (6 Mod. 216. Buller. N. P. 15.) So what a party said upon taking possession of land, to shew the interest he claimed. (1 John. Reports 159.) Or in the case of a tender, &c. (Averson vs. Lord Kinnaird, 6 East 188.) So letters written by a public agent, cotemporary with the transaction, have been held proper evidence for him. (Bingham vs. Cabbot,3 Dall. 39.)
15th. In Reply, evidence of what a witness said before the trial, in cor roboration of his testimony. This rule has been doubted. (1 Mod. 283. Buller 294. Gilb. Evid. 150.4 Hawk. P. C. c. 46, s. 48.) Bat it seems the credibility of the witness should first be attacked. (3 Douglass’ Election Cases 73.)
16th. If A. refer B. to C- for an answer or information on any business what C. says is evidence against A. (Williams vs. Jones, 1 Camp. Reports 364-266.
17th. The admissions of agents are competent evidence against the principal, as to tlie business of the agency, and within the scope of his authority. (Emerson vs. Blonden, 1 Esp. Cases 142.) So admissions by an under sheriff are good against the sheriff. (1 Lord Raymond 190. Bull. N. P. 66. North vs. Miles, 1 Camp. 389. Idem. 391. note )
18th. Public Documents, made under lawful authority, gazettes, proclamations, public surveys, records, commissions and other memorials of a similar nature, form an exception to the general rule, against hearsay. (Starkie 47, 172.) As to what is a sufficient, proof of these documents, see 1 Starkie 181.
19th. What commences by parol may be transmitted by parol, and that .creates a general reputation; in which case hearsay is admissible. (2 Esp. JV. P. Tit. Evidence 523.) So a parol partition of lands is valid, and parol proof will he received. (Jackson vs. Harder, 4 Johns. Rep. 212.
20th. As to the nature of evidence which may be placed under the head of hearsay,besides those enumerated in No. 18, are recitals in deeds, wills, special verdicts, or bills in equity, stating a .pedigree &c. inscriptions on old *233 ¿ftibe stones, Heralds Books, and entries in family bibles, he. (Johnson vs. Pembroke, 11 East 506. Buller N. P. 233. Taylor vs. Cole, 7 T. R. 3. Stephens vs. Moss, Cowp. 591. Bowby vs. Young, 13 Ves. 144.) As to reeitais generally, see 2 Starkie 29.
21st. Rts inter alios acta, are sometimes admitted, as a fact connected with the matter in dispute, or as part of tlíé res gestae-, (\ Starkie 52-300 2 Starkie 29; as entries made by a party against his own interest at the time, who is since dead. (Stead vs. Heaton, 4 T. R. 669. Barry vs. Bibbington, 4 T. R. 514. Higham vs. Ridgeway, 10 East 109. Searle vs. Barrington, Strange, 826.)
22d. The Declarations of a voter may be given in evidence, te.set aside the election; as to diminish the poll, by taking an incompetent vote off, or to prove bribery, &c. but they are not admissible on a charge against the candidate for bribery, &c. They are admitted to annul votes; but not to set aside the election by disqualifying the member on account of his bribery tyc. See the case of Milborne Port, 1 Doug. Election Cases 67. Case of Ivelchester 3 Doug. Election Cast s, 76. Petersfield Case, 3 Doug. Election Cases, 6. Worchester Case, 3 Doug. do. 129 Shaftesbury Case, 3 Doug. 150.
In this last case, “ Money to the amount of several thousand pounds, had been given among the voters, in sums of twenty guineas a man. The persons who were entrusted with the disbursement of this money, and who were chiefly the magistrates of the town, fell upon a very singular and very absurd contrivance, in hopes of being able thereby to hide through what channel it was conveyed to the electors. A person, concealed under a ludicrous and fantastical disguise, and called by the name of Punch, was placed in a small apartment, and through a hole in the door, delivered out to the voters, parcels containing the twenty guineas; upon which they were conducted to another apartment in the same house, where they found a person called Punch’s secretary, and signed notes for the value, but which were made payable to an imaginary character, to whom they had given the name ofGlenbucket. Two of the witnesses, called by the counsel for the petitioner, swore that they had seen Punch through the hole in the door, and that they knew him to be one Matthews, an alderman of Shaftesbury, and, as the counsel for the petitioner had endeavored to prove, an agent for the sitting members.
“ On the part of the petitioner, witnesses w.ere called to prove declarations of voters, who at the poll had taken the bribery oath, that they had received Punch’s money. This was objected to by the counsel on the other side; but, the evidence was admitted.”
23d. Written memoranda and entries by a party, since dead, who knew the fact and had no interest to falsify it. (Doe vs. Robson, 15 East 32. Holliday vs. Littlepage, 2 Munf. 316.1 Starkie 71, note (b.) So an entry ot the receipt of Ecclesiastical dues in the book of a deceased rector is evidence for his successor, (2 Ves. 43. 7 East 290. Bunb. 46-180.) And entries in the usual course of business. (Lord Torrington’s case, 1 Salk. 286. 2 Lord Ray, 873.) The hand writing of course must be proved.
*234 • 24(Ii'. What a witness swore on a former trial may be given in evidence between the same parties, if the witness be dead, or could not be procured. (Fry vs. Wood. 1 Atk. 445. Peakes Ev. 58. 2 Esp. N. P. 755. Phillips Ev. 199.
25th. So the declarations of a deceased occupier of land, were received as evidence underwhomhe held, to prove seisenina devisor. (Halloway vs. Rakes, 2 T. R. 55. Uncle vs. Wilson, 4 Taunt. 16. Phillips Evi. 182.) Upon the principle that without such evidence it might have been impossible to prove an occupation by the deceased under a particular person, he having the peculiar knowledge of thefaet, and likewise being against his interestto acknowledge a landlord; as it mightbe produced as evidence against him m ease of an action by the landlord. So a deceased tenants declarations, whether certain lands were parcel of A’s orB’s estate. (Davis vs. Pierce, 2 T. R. 53. Bridgman vs. Jennings, 1 Hord Ray. 734. Vin. Ab. Ev. A. (b.) 38.pl. 10.
26th.- Declarations of a living tenant are admitted in some cases. (See Walker vs. Broadstock, 1 Esp. R. 458.)So the declarations of an underlesseear© primafacie evidence of underletting. (Hindly vs. Richarby, 5 Esp. Rep. 4. See 2 Dall. 93.) These declarations of tenants are only admissible as to tenancy and possession, but not as to title. (See Phillips Evi. 182. note (a.) Waring vs. Warren, 1 John. Rep. 340, and cases in the note. Ante, Hall vs. James 122.)
27fh. The acknowledgements of a party to a deed or wili, to the subscribing witness, of his signature, when not signed in the presence of tho witness. (3 Starkie 1685. Eilbeck vs. Granberry,2 Hayw. 232.)
28th. Declarations by a testator which are cotemporary with the act, are not only admissible,bntmostimportant evidence, to prove hisintentionand the legal quality of the act; (3 Starkie 1715,) as expressions made before or after making the will, might possibly be used by the testator, on purpose to disguiso what he was doing, or to keep the family quiet, or for other secret motives or inducements. (2 Vernon 625. 2 Roberts on Wills 39.) Declarations made' after making the will have more weight than those before-, but with different degrees of weight all these declarations are admissible. (2 Roberts 40.) J