EASTERN DIST.
*May*, 1835.

HERMANN & SON
*vs.*
LA. STATE
INS. CO.

## HERMANN & SON *vs.* LOUISIANA STATE INSURANCE CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Any one partner of a commercial firm, has power to dispose of the personal property of the society for the use and benefit of the firm.

The signature of one partner in matters of simple contract, relating to the partnership, will bind the firm.

So, where A brings a ship or vessel into partnership with B at a certain valuation, and B takes out a policy of insurance on the vessel, and in his own name transfers it to C and the vessel is lost: *Held*, that C is entitled to receive the insurance money in preference to the creditors of A, and who were such when he brought the vessel into the partnership.

This case comes up in the present instance, on a contestation between several claimants of the proceeds of an insurance on the schooner Eliza Thomas. See *the original case*, 7 *Louisiana Reports*, 502.

The evidence shows, that J. Dufart being the entire owner of the schooner Eliza Thomas, entered into partnership on the first of July, 1833, with A. Baron, and put the schooner into the partnership at a certain valuation, by which Baron engaged to account to Dufart for four thousand five hundred dollars, being one-half of the valuation of this and another vessel. On the 7th of July, a policy of insurance was taken out on said schooner in these words: "A. Baron, for account of whom it may concern, does make insurance on the Eliza Thomas."

On the 17th July, Baron advertised the dissolution of the partnership for reasons assigned: Dufart resided at Tampico; the schooner was lost in September following; and the loss finally adjusted at three thousand nine hundred and twenty dollars. Previous to the loss, the plaintiffs, Hermann & Son, exhibited to the president of the insurance company, this policy with the name of "A. Baron" endorsed in blank on the back of it. The endorsement was afterwards filled up with a special assignment to the plaintiffs.

EASTERN DIST.
May, 1835.

HERMANN & SON
vs.
LA. STATE
INS. CO.
Kohn and Bordier, judgment creditors of Baron, and Delpeuch, a judgment creditor of Dufart, all of them having obtained their judgments in 1834, after the foregoing transactions, but before the insurance money in question was paid over, made seizures on this fund in the hands of the insurance company. The question is, who is legally entitled to it.

The district judge came to the conclusion, that the assignment of the policy by Baron *alone*, did not divest the interest of the partnership. Judgment of non-suit was rendered against all the plaintiffs and the other claimants, from which they all appealed.

*Strawbridge*, for the plaintiffs.

1. This case has been already adjudged and determined, as regards the rights of the defendants and appellees.

2. The opposing creditors can only examine the matter, so far as the rights of the individual partners are concerned, of whom they are creditors respectively. What are their shares? *3 Kent's Commentaries*, 14. *Gow on Partnership*, 223. *Collyer, ibid.*, 472. *Louisiana Code*, 2794.

3. The transfer of the policy to the plaintiffs must be regarded: it cannot be treated as a nullity. *Louisiana Code*, 1965. *5 Martin, N. S.*, 261, 633. *6 Ibid.*, 137, 324, 581. *2 Louisiana Reports*, 215. *4 Ibid.*, 340.

4. A partner cannot sue the firm for a particular claim or transaction, but must wait until a liquidation is had of the partnership affairs. *10 Martin*, 433. *11 Ibid.*, 331. *3 Martin, N. S.*, 478. *6 Ibid.*, 655. *2 Louisiana Reports*, 450.

5. A partner has authority to sell or pledge the partnership or personal effects. *Gow*, 68. *Collyer*, 315. *3 Kent*, 17.

*J. Slidell*, for Kohn and Bordier.

*Soulé*, for Delpeuch.

*Mathews J.*, delivered the opinion of the court.

This case presents a contest between the plaintiffs and several intervening parties, relative to rights claimed by them on the amount of a policy of insurance, which has

EASTERN DIST.
*May*, 1835.

HERMANN & SON
*vs.*
LA. STATE
INS. CO.

been paid into the court below, under a decree of this court, rendered in the cause at the last January term, by which it was remanded for further proceedings between the plaintiffs and intervenors. In pursuance of this order, the several pretentions of these parties were submitted for decision to the District Court, which rendered a judgment on non-suit against them all, and they all appealed. Thus we have appellants in abundance, but it is somewhat difficult to find an appellee, as the insurance company can no longer be considered as a party litigant, after the decision of the Supreme Court, and payment of the money as required by our former judgment.

In this view of the case, it offers for our consideration no questions except those which arise on the relative claims and rights of the appellants.

They all united in the pursuit against the defendants, so far as it related to a recovery of the sum claimed; but since the prize was obtained, we find a triple dispute respecting its ownership. The plaintiffs claim the whole as assignees, and transferees of the policy from A. Baron, who obtained it from the insurance company. The intervenor Delpeuch claims it by seizure on a *fieri facias*, as being the sole property of Dufart, who was a commercial partner of Baron at the time when the policy was obtained. And Kohn & Bordier, a third intervening party, claim as creditors seizing the property of Baron. By deciding against the claims of these parties, the court below has left the property without an owner, for we had previously determined that the defendants had no right to retain it. This decision may be correct, if it be true that no one, nor all the claimants, have then a right to cause the money deposited to be appropriated to their use, which should, consequently, remain in deposit, until the rightful owner shall apply for it.

The most concise mode of settling these disputes, is to examine the pretensions of the different claimants separately, for if we find one entitled to the whole sum, the conflict between the other two will cease for want of a subject of contention.

EASTERN DIST.
May, 1835.

HERMANN & SON
vs.
LA. STATE
INS. CO.

To begin then with the claim of the plaintiffs, which is first in order, we have already stated that they base their right of recovery on a transfer from Baron, at whose instance the policy in question had been obtained. At the time of obtaining it, he and Dufart were associated in a commercial partnership, and the vessel which was insured, formed a part of the partnership property. The insurers assumed the risks insured against, for whom it might concern, *i. e.* for those who might have an insurable interest in the schooner, and the evidence of the case shows, that this interest was in the commercial firm of Baron & Dufart. It is, however, contended against the pretensions of the plaintiffs, and in favor of those set up for the intervenor Delpeuch: 1st. That the schooner Eliza Thomas was previous to the co-partnership of Baron & Dufart, the sole property of the latter, and that as the conditions of the association were not complied with on the part of the former, no change of ownership ever took place; 2d. But admitting that it did state the assignment and transfer being made, after a publication in one of the public papers printed in this city, of a notice by Baron, that he would no longer consider Dufart as a partner, for reasons disclosed in his advertisement, the partnership ought to be considered as having been dissolved from that date, and Baron had no longer any right to transfer, or in any manner dispose of the partnership property, consequently the assignment to the plaintiffs should be treated as an absolute nullity; 3d. The transfer is void as to Dufart's interest, not having been made in the social name.

It appears by the contract of partnership, that Dufart put into the common stock, two vessels, the half value of which was estimated at about four thousand dollars, which sum was to be accounted for by his partner, but no time was specified when he should account; and we are of opinion, that he could only be compelled to account and refund this portion of the stock to the original proprietor, on a liquidation and settlement of the whole partnership concerns; until then, the property thus brought in must be viewed

as common. If, however, a dissolution had regularly been made, and was known by the plaintiffs at the time they took the transfer from Baron, they would perhaps have acquired no right under it; but neither of these facts is established by the evidence. The reasons given in the publication of Baron, as causes for annulling the contract, might possibly have prevailed in a suit for that purpose; certainly they do not of themselves, simply by making them known to the public, operate a dissolution of the partnership. Contracts, generally speaking, can be annulled only in one of two ways: by consent of the parties, or for legal causes shown in a court of justice; yet were we to allow this effect to the publication, the record affords no proof that the assignees, in the present instance had knowledge of it.

In the further examination of the questions presented by this case, we take for granted, power and authority, in all or any one member of a commercial partnership, to dispose of the personal property of the society, for the use and benefit of the firm during its continuance.

It is laid down as a general rule, by a late writer on partnership, that the signature of one partner, in matters of simple contract relating to the partnership, binds the firm. See Collyer's Treatise on Partnership, page 239.

In the present case, Baron, who had obtained the policy in question, on the vessel which was at the time partnership property, was in possession of that instrument, which, whether negotiable under commercial law or not, was clearly transferable according to the principles of our laws, which authorise a transfer of all choses in action. The record does not in our opinion, afford any evidence of fraud or collusion between the acting partner who made the transfer of the contract to the plaintiffs, and the latter, by which the insurance company became liable to pay the amount of the policy, which seems to us to have been legally transferred to them, by a valid agreement.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and

37

EASTERN DIST.
May, 1835.

HERMANN & SON
vs.
LA. STATE
INS. CO.

Any one partner of a commercial firm has power to dispose of the personal property of the society for the use and benefit of the firm.

The signature of one partner in matters of simple contract relating to the partnership, will bind the firm.

So, where A brings a ship or vessel into partnership with B, at a certain valuation, and B takes out a policy of insurance on the vessel, and in his own name transfers it to C, and the vessel is lost: Held, that C is entitled to receive the insurance money, in preference to the creditors of A, and who were such when he brought the vessel into the partnership.

EASTERN DIST. annulled; and it is further ordered, adjudged and decreed,
May, 1835.    that the money now deposited in the court below, be paid
SPENCER       over to the plaintiffs, and that the intervenors Delpeuch and
vs.           Kohn & Bordier pay the costs of the appeal in equal
SLOO.         portions.