————o————

No. 4561.

Court of Appeal, Parish of Orleans.

## CEDAR RAPIDS NATIONAL BANK VS. MRS. (WIDOW) A. DE-LANENVILLE.

1. Where a person, though he contributes neither labor nor money to the enterprise nor partakes in the profits thereof, loans his name to be used in carrying on the business for the benefit of another, both he and the other will be deemed partners, quoad third persons, and, as such, held responsible for the debts.
2. Where such partnership is of a general commercial nature either partner may draw, make, sign, indorse, accept, transfer, negotiate and procure to be discounted promissory notes, bills of exchange, checks and other negotiable paper in the name and on account of the partnership.

Appeal from 28th Judicial District Court, St. John the Baptist Parish.

W. J. Waguespack, for Plaintiff and Appellee.

J. V. Chenet, for Defendant and Appellant.

MOORE, J. This was a suit on three drafts drawn on defendant by the Barton-Parker Manufacturing Company of Cedar Rapids, Iowa, to its own order, each for the sum of $45.00, payable respectively in 3, 6 and 9 months, duly transferred to the plaintiff bank and alleged to be accepted by defendant by her son, Emile De Laneuville.

The answer tenders the general issue specially denying the

authority of Emile De Laneuville "to accept said drafts in behalf of respondent and to bind her for their payment."

· There was judgment for plaintiff as prayed for and defendant appeals.

The drafts bear on their face the acceptance in these words:

> "Accepted Feby. 12th, 1906,
> Widow A. De Laneuville,
> Customer's Signature,
> Per E. De L."

As we appreciate the testimony of Emile DeLaneuville, who was the sole witness in the cause, it appears that being unable to do business in his own name owing to the fact of his former bankruptcy from which he was not yet discharged, he thereafter conducted the general mercantile business, in which he had been formerly engaged, in the name of his mother, the defendant herein, and this with her full knowledge, consent and approval; that the acceptances were executed by him in his mother's name in the due and usual course of business; that the consideration of the drafts enured to the use, benefit and advantage of the business, *id est*, for the price of merchandise bought thereof; that he had the sole and entire management and control of the business thus carried on. His said mother having no interest therein whatever, save that she consented to and approved of his conducting the business in her name; that she knew of the acceptances being made by her son in her name, having learned of this fact at some time not made definite, and that she did not object to same or repudiate the act.

In the face of these facts it is the contention of the appellant that the relationship existing between the defendant and her son, *quoad* this business was that simply of an ordinary principal and agent with general powers delegated to the latter to manage and conduct the business, but with no express and special power to draw and endorse promissory notes or bills of exchange in the name of his principal.

If the son was acting for his mother simply as her agent it is clear that the former is not bound on the acceptances, forasmuch as it is not shown that the son was expressly and specially authorized to make and execute commercial or negotiable instruments. C. C. 2997.

It is equally clear, however, that no such relation existed. The business was not the mother's. It was wholly the son's. She had no interest in it whatsoever. As between the mother and her son, the former was not responsible for the debts nor was she to share in the benefits. She had contributed nothing to the establishment or maintenance of the business except her name. But in contributing that much she thereby held herself out to the world as the party responsible for all the debts and obligations contracted for, or by the business, and, at least so far as third persons are concerned, she may thenceforth not be permitted to deny her responsibility therefor.

As her son, however, is shown to have been the true owner of the business and the partaker of its profits, he is also responsible for its debts and this *in solido* with his mother.

This responsibility of both mother and son results from the fact that their relation, whatever it may be *inter sesse,* is as to third persons, that of a partnership. Story on Partnership, page 34 et seq.:

"The definition of a partnership cited by Puffensdorf," says Lord Chief Justice Eyre in Waugh vs. Carter, 24 H. Black, 235, 246, "is good as between the parties themselves, but not with respect to the world at large. If the question were between A. and B., whether they were partners, or not, it would be very well to inquire whether they had contributed, and in what proportions, stock or labor, and on what agreements they were to divide the profits of that contribution. But in all these cases a very different question arises, in which the definition is of little service. The question is generally not between the parties, as to what shares they shall divide, but respecting creditors, claiming a satisfaction out of the funds of a particular house, who shall be deemed liable in regard to these funds. Now a case may be stated, in which it is the clear sense of the parties to the contract, that they shall not be partners; that is A. is to contribute neither labor nor money, and to go still farther, not to receive any profits. But if he will lend his name as a partner, he becomes, as against all the rest of the world, a partner, not upon ground of the real transaction between them, but upon principles of general policy, to prevent frauds, to which creditors would be liable, if they were to suppose, that they lent their money upon the apparent credit of three or four per-

sons, when in fact they lent it only to two of them, to whom without the other they would have lent nothing." Citing this authority, Mr. Justice Story adds: "Upon so clear and natural a doctrine it seems unnecessary to cite at large the authorities in its support:

"They are uniform and positive to the purpose," Story on Part., page 64. 4 R. 300; 39 A. 660. Mrs. De Laneuville and her son Emile being partners each because in contemplation of law the general and accredited agent of the partnership, or as it is sometimes expressed, each partner is *praepositus negotis societates,* and consequently bind the other partners by his acts in all matters which are within the scope and objects of the partnership. Hence if the partnership, as it is here, be of a general commercial nature, either partner may pledge or sell all of the partnership property, buy goods on account of the partnership; borrow money, contract debts and pay debts on account of the partnership; and either may draw, make, sign, endorse, accept, transfer, negotiate and procure to be discounted, promissory notes, bills of exchange, checks and other negotiable paper on the name and on account of the partnership. Story on Agency, page 124; Philleps vs. Paxton, 3 U. S. 39; Bank of La. vs. Kenner, La. 390; Herman vs. La. Ins. Co., 8 La. 289; Lamberth vs. Viator, 6 R. 127; White vs. Kearny, 2 A. 639; Walmouth vs. Henderson, 9 A. 339; Gned vs. Kummell, 41 A. 55; La. Nat. Bk. vs. Scott, 42 A. 785. Nor need it be shown, when the partnership existence is proven, that the holders of the drafts knew of the partnership when they took the drafts. Robenson vs. De Lizardi, 4 R. 300.

When, therefore, Emile De Laneuville accepted the drafts in the name of "Widow A. De Laneuville," he did so as a partner in the business conducted in the name of the latter and in the name and on account of the partnership which, in law, he was authorized to do.

There is no error in the judgment appealed from and it must be affirmed. Inasmuch, however, as, since the appeal was lodged here, the appellant has died and her heirs have made themselves parties hereto, the judgment will be reformed so as to comprehend them as judgment debtors.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to include as judgment debtors Adam Leon De Laneuville; Hippolyte Le Laneuville;

—111—

Arthur De Laneuville; Andre De Laneuville; Molmie De Laneuville, wife of Adrien Madere; Louise De Laneuville, wife of Wilfred Madere; Marie De Laneuville, wife of Ancetole Jacob; and Lize De Laneuville, wife of Mack Englade, each for their virile share of the amount of said judgment in principal and interest and as thus amended the judgment is affirmed. The cost of both Courts to be paid by defendants and appellants.

January 11, 1909.