**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

____________

No. 18-2605

___________

DONALD MILES,
Appellant

v.

HAROLD ZECH, Detective at Lackawanna County District Attorney Office;
JOHN MUNLEY, Detective at Lackawanna County District Attorney Office;
ANDREW KROWIAK, District Attorney at Lackawanna County;
DISTRICT ATTORNEYS OFFICE;
JOHN P. PESOTA, Magistrate District Justice at Lackawanna County Courthouse;
PAUL KELLER, Magistrate District Justice at Lackawanna County Courthouse;
TIM BETTY, Warden at Lackawanna County Prison;
EUGENE EIDEN, Probation Officer at Lackawanna County;
ADULT PROBATION PAROLE DEPARTMENT;
MICHAEL BARASSE, Judge at Lackawanna County Courthouse;
MARK POWELL, District Attorney at Lackawanna County District
Attorneys Office; UNLIMITED JOHN DOE; UNLIMITED JANE DOE;
MUNICIPALITY OF LACKAWANNA COUNTY, Individually and in their
official capacities

______________________________________

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01061)
District Judge: Honorable Malachy E. Mannion

______________________________________

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2019

Before: GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed October 8, 2019)

OPINION[*]

PER CURIAM

Pro se appellant Donald Miles appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm the judgment of the District Court.

Miles, a state prisoner currently awaiting trial,[1] filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in May 2018, and an amended complaint in June 2018. The defendants named in Miles' amended complaint include judges, prosecutors, probation officers, police, the county prison warden, the county, and the probation and district attorney's offices, along with "unlimited" Jane and John Doe defendants. Although the complaint is difficult to decipher, it appears that Miles alleges that he is being illegally detained in the Lackawanna County Prison and that his rights under the U.S. and Pennsylvania Constitutions were violated when criminal charges were filed against him without an

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As noted by the Magistrate Judge, though Miles did not specify what criminal charges were pending against him, a review of state court records reveals that he is awaiting trial on state drug trafficking charges. See Commonwealth v. Miles, No. CP-35-CR-0000078-2018.

indictment by a grand jury. As relief, Miles seeks to be immediately released and to be awarded monetary damages.

Pursuant to the screening provision of 28 U.S.C. § 1915, the Magistrate Judge recommended that Miles' complaint be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii). The Magistrate Judge concluded that, inter alia, Miles failed to state a claim under 42 U.S.C. § 1983 because there is no federal right to compel state officials to bring charges by way of grand jury indictment, the District Court should abstain from adjudicating the matter under Younger v. Harris, 401 U.S. 37 (1971), and the judges and district attorneys named as defendants were entitled to immunity from suit. Miles subsequently filed supplemental argument in support of his complaint and objections to the Magistrate Judge's recommendation. Miles then filed an amended complaint and further objections. On June 29, 2018, the District Court—concluding that Miles' amended complaint was subject to dismissal for the same reasons provided by the Magistrate Judge—adopted the Magistrate Judge's recommendation, overruled Miles' objections, and dismissed the amended complaint. Thereafter, Miles filed a motion for reconsideration of the Court's dismissal order, which the District Court denied. Miles appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We exercise plenary review over the legal determinations of whether the requirements for [abstention under Younger v. Harris, 401

U.S. 37 (1971),] have been met and, if so, we review the district court's decision to abstain for abuse of discretion." FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996). We review the denial of a motion for reconsideration for abuse of discretion, see Long v. Atl. City Police Dep't, 670 F.3d 436, 446–47 (3d Cir. 2012), and we may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly determined that abstention under the Younger doctrine was appropriate regarding Miles' claims for injunctive and declaratory relief. See Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Younger abstention is appropriate where there are ongoing state proceedings that: (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims. See Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). All three predicate requirements were met in this case. Miles' criminal trial was pending in state court at the time he filed this action, the state has a long-recognized important interest in enforcing its own criminal laws, and Miles has already challenged the legality of his detention in his ongoing state court proceedings. Furthermore, Miles has not demonstrated "bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." Id.

With respect to his claims for damages, Miles argues on appeal that the District Court should have stayed his case, since such relief "cannot be redressed in the state proceeding." Deakins v. Monaghan, 484 U.S. 193, 202–03 (1988); see also Williams v.

Hepting, 844 F.2d 138, 144–45 (3d Cir. 1988). However, we conclude that the District Court did not err in failing to stay the proceedings, since Miles' claims are meritless. See Deakins, 484 U.S. at 204 (requiring district courts to stay monetary claims when there is "no question that the [complaint] allege[s] injuries under federal law sufficient to justify the district court's retention of jurisdiction"). In order to state a claim under § 1983, a plaintiff must establish an underlying constitutional violation. See Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002). Miles failed to state a cognizable claim under § 1983, as there is no federal right to compel state officials to bring charges by way of a grand jury indictment. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."); see also Hamilton v. McCotter, 772 F.2d 171, 184 (5th Cir. 1985). To the extent that Miles intended to allege violations of the Pennsylvania Constitution, he failed to state a claim, as Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution. See Gary v. Braddock Cemetery, 517 F.3d 195, 207 n.4 (3d Cir. 2008).

On appeal, Miles additionally argues that the District Court erred in dismissing his complaint before providing him the opportunity to further amend his complaint. However, we agree with the District Court that amendment would have been futile as it would not have cured the defects in the complaint. See Grayson v. Mayview State Hosp.,

293 F.3d 103, 111 (3d Cir. 2002).[2] Additionally, we conclude that the District Court did not abuse its discretion in denying Miles' motion for reconsideration. Miles did not set forth grounds for reconsideration, such as intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law, or to prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Accordingly, we will affirm the judgment of the District Court. Appellees' motion for leave to include supplemental appendix material with its brief is granted and Miles' motion for leave to withdraw his reply brief and to file a supplemental reply brief is granted.

---

[2] To the extent that Miles seeks to raise on appeal an equal protection claim, arguments raised for the first time on appeal are deemed to be waived. See Brown v. Philip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001). In any event, we note Miles has failed to state an equal protection claim since he failed to allege sufficient facts demonstrating that he was treated differently from similarly situated persons. See Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). Though Miles argues that "Mark Johnson" was not arrested or charged "until after [there] was a judgment made by a grand jury," he failed to allege facts showing that he was similarly situated to "Mark Johnson." Appellant's Informal Brief, at 5–6 (PDF page numbers).