**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4197

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ISIAH PIERCE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00014-TDS-1)

Submitted:  August 24, 2023                          Decided:  August 28, 2023

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Isiah Pierce appeals the 42-month sentence imposed following his guilty plea, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] Pierce's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Pierce's sentence, which falls within his advisory Sentencing Guidelines range, is reasonable. Although he was informed of his right to file a pro se supplemental brief, Pierce has not done so. The Government has declined to file a response brief. Finding no error, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Pierce's offense was committed before the June 25, 2022, amendment to the statute.

2

U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [we] should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within a properly calculated Guidelines range is presumptively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

We conclude that Pierce's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, to which Pierce did not object, and thoroughly explained why it imposed Pierce's 42-month custodial sentence and term of supervised release. In addition, Pierce fails to overcome the presumption of reasonableness that we afford his within-Guidelines sentence. We have reviewed the record in accordance with *Anders* and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pierce, in writing, of the right to petition the Supreme Court of the United States for further review. If Pierce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pierce.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*